# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Harold M.,**
**Petitioner Below, Petitioner**

**vs)   No. 15-0813** (Wood County 15-P-61)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harold M.,[1] pro se, appeals the order of the Circuit Court of Wood County, entered on July 28, 2015, denying his petition for a writ of habeas corpus. David Ballard, Warden, Mount Olive Correctional Complex, by counsel Zachary Aaron Viglianco, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was tried upon allegations that he molested his ten-year-old stepdaughter and her friend. Both victims testified at trial. Petitioner was convicted on two counts of sexual assault in the first degree; two counts of sexual abuse in the first degree; two counts of sexual abuse by a parent; and, one count of battery in Wood County in August of 1993. Petitioner moved for a new trial based on: (a) the circuit court's denial of his motions for judgment of acquittal or directed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

verdict; (b) the circuit court's decision to allow the State to reopen its case-in-chief for the presentation of additional evidence after the State rested; and (c) the circuit court's denial of petitioner's pretrial motions regarding severance of the counts of the indictment involving one victim from those involving the other victim. Petitioner was sentenced to fifteen to twenty-five years of incarceration on each count of sexual assault; one to five years of incarceration on each count of sexual abuse in the first degree; five to ten years of incarceration on each count of sexual abuse by a parent; and one year in the county jail on the battery charge. All sentences were to run consecutively.

Petitioner filed his first petition for a writ of habeas corpus in October of 2001, seeking resentencing. On November 27, 2001, petitioner's sentence was amended based on the trial court's miscalculation. Petitioner's sentence was amended to fifteen to twenty-five years of incarceration on each count of first degree sexual assault; one to five years on each of the sexual abuse convictions; five to ten years on each of the two counts of sexual abuse by a parent; and one year in jail on the battery charge. Also in November of 2001, petitioner was resentenced for purposes of filing a direct appeal. That appeal was refused by this Court on July 12, 2002.

Petitioner then filed another petition for a writ of habeas corpus in October of 2002, which was summarily denied as "without merit" in a two-sentence order. Petitioner appealed that denial to this Court which granted the appeal and remanded the case for appointment of counsel and an omnibus hearing. Habeas counsel was appointed, and an amended petition was filed on May 16, 2007, alleging twenty separate grounds for relief. Evidentiary hearings were held on January 23, 2008, and February 4, 2009. On July 19, 2012, the circuit court issued its opinion denying the habeas petition except as to Ground 16 which requested a resentencing hearing based on an improper sentence. The circuit court granted petitioner a resentencing hearing.

Petitioner was resentenced in April of 2013. In connection with petitioner's resentencing, habeas counsel requested that petitioner be examined by Dr. Bobby Miller. In his report, Dr. Miller found that petitioner was at "moderate to high risk for sexual re-offense among the general population." Standardized testing showed that petitioner ranked at the "severe problems" level because he perceives children as sexually attractive and sexually motivated. Petitioner was therefore found not to be a candidate for specific sexual-offender-based treatment. Based on his examination of petitioner, Dr. Miller found that petitioner likely suffers from a paraphilia regarding exhibitionism and frotteruism which is "recurrent, intense sexually arousing fantasies [and] sexual urges or behaviors involving touching or rubbing against a nonconsenting person." Dr. Miller further noted that "[h]istorically, [petitioner]'s victims were subjects of opportunity within his environment" and recommended that "[s]hould [petitioner] be released from incarceration, . . . he be incapacitated through some other means such as home confinement."

At petitioner's resentencing hearing, habeas counsel argued for concurrent sentencing to allow for release based on petitioner's advanced age,[2] poor health, and lack of a prior criminal record. The State countered that petitioner showed a lack of remorse for his crimes. Based on Dr.

---

[2]At the time of the April of 2013, resentencing hearing, petitioner was sixty-nine years old.

Miller's report, the circuit court denied alternative sentencing and once again ordered consecutive sentences. However, the circuit court reduced petitioner's sentences on the first degree sexual assault charges to consecutive ten to twenty year terms.

Petitioner appealed the circuit court's April 23, 2013, resentencing order in *State v. Harold Stephen M.*, No. 13-0538, 2014 WL 184435 (W.Va. January 15, 2014) (memorandum decision), and appealed the circuit court's July 19, 2012, order denying habeas relief except for affording petitioner a resentencing hearing in *Harold M. v. Ballard*, No. 12-1034, 2014 WL 184442 (W.Va. January 15, 2014) (memorandum decision). We affirmed both orders. *Harold Stephen M.*, 2014 WL 184435, at *4; *Harold M.*, 2014 WL 184442, at *3.

Petitioner filed the instant petition for a writ of habeas corpus on May 15, 2015, alleging insufficiency of evidence and ineffective assistance of both trial and habeas counsel. The circuit court denied the petition on July 28, 2015. The circuit court found that insufficiency of evidence and ineffective assistance of trial counsel were included in the "twenty separate grounds for relief" previously and finally adjudicated in petitioner's prior habeas proceeding. With regard to habeas counsel, the circuit court determined that counsel "helped [petitioner] amend his pro se petition and represented him" in the prior proceeding in which petitioner was granted a resentencing hearing. The circuit court concluded that petitioner previously received his "opportunity to present evidence" regarding every issue he desired to raise in a habeas proceeding and that "[petitioner] is not entitled to more."

Petitioner now appeals the circuit court's July 28, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Pursuant to Syllabus Point 1 of *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984), a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding. *See also Losh v. McKenzie*, 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (1981). In Syllabus Point 2 of *Losh*, we held, in pertinent part, that "[a] judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised[.]" 166 W.Va. at 762, 277 S.E.2d at 608.

On appeal, petitioner argues various of his convictions were supported by insufficient evidence by offering his interpretation of what is excluded from the definitions of "breast" and

"sexual contact" as those terms are used in Chapter 61, Article 8B of the Code.[3] Respondent counters that these arguments are identical or substantially similar to claims which were rejected by the circuit court's July 19, 2012, order in the prior habeas proceeding, which we affirmed in *Harold M.* Respondent accordingly argues that the doctrine of res judicata bars petitioner raising these issues in this case. Based on our review of the record, we agree and find that the arguments advanced by petitioner were either previously and finally adjudicated or waived in the habeas proceeding in *Harold M.*

Petitioner attempts to circumvent the bar imposed by the doctrine of res judicata by raising ineffective assistance of habeas counsel. Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608 ("A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]"). Respondent asserts that petitioner does nothing more than make the bald accusation of deficient performance by habeas counsel without sufficient citation to the record or to pertinent authority. We agree and find that petitioner fails to explain why the issues raised now are any more meritorious than the substantially similar claims raised by petitioner in *Harold M.* and fails to show that any decision by his counsel to forego certain arguments did not constitute a strategic decision.[4] Thus, we determine that petitioner presents nothing more than a skeletal argument which does not preserve his claim that habeas counsel provided ineffective assistance. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs."); *accord State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994). Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's July 28, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

---

[3]Chapter 61, Article 8B of the Code addresses sexual offenses and also provides relevant definitions for sexual abuse by a parent which is prohibited by West Virginia Code § 61-8D-5. *See* W.Va. Code § 61-8D-1(9) (providing that definition of "sexual contact" is the same).

[4]*See* Syl. Pt. 6, in part, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) ("In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance *while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.*"). (Emphasis added.)

**ISSUED**: May 20, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II